Per Curiam.

Petitioner at the outset of his hearing made a motion for his release based on an alleged insufficiency in the return of the warden. This claim of insufficiency is directed to the certified copy of the sentence contained in the return. Petitioner’s claim is stated as follows: *345 different document prepared by a clerk of courts, such joining of documents raises a vital question of law that may be decided only by the Supreme Court of Ohio in this case, case No. 37924, as nowhere in the Code is provision made for a clerk of courts to render judgment and pass sentence on a defendant as such would be contrary to law in that, as heretofore stated, only a court may function as a court.”
*344 “This issue involves the validity of joining of two essential documents, the journal entry and the certificate of sentence, to constitute a valid certificate of sentence as required by O. R. C., Sec. 2949.12, for respondent’s authority for my said detention. So a certificate of sentence is a document prepared by the sentencing court and the journal entry a distinct and
*345 Section 2949.12, Revised Code, on which petitioner relies, reads as follows:
“Unless the execution of sentence is suspended, a convicted felon shall be conveyed to the place of imprisonment by the sheriff of the county in which the conviction was had, within five days after such sentence, and delivered into the custody of the head of such institution, with a copy of such sentence which shall clearly describe the offense and designate the sections of the Revised Code under which conviction was had, together with a copy of the indictment. * * *”
An examination of this section shows that there is no such document as a certificate of sentence required. It requires only a copy of the sentence. There is no requirement that such copy be signed by the judge.
However, the document about which the petitioner complains reads in part as follows:
‘ ‘ Certified Copy of Sentence to Ohio State Reformatory
“In the Court of Common Pleas of Tuscarawas County, Ohio. SS:
January Term, 1961.
“The State of Ohio, )
plaintiff. ) No. 9522
vs. ) Entry on Arraignment
Karl McMullen and ) and Sentence.
(Norman Orr), )
defendant. )
“This cause came on to be heard upon the charge contained in the indictment against the defendant, Norman Orr.
*346 “The defendant, Norman Orr, appeared in open court on the 26th day of January, 1961, for arraignment upon the charge contained in the indictment.
“The court did then order the indictment read to the defendant, and the defendant, Norman Orr, did then acknowledge that he was served with a copy of the indictment more than 24 hours previously, and that he understood the nature of the charge against him.
“The court did then ask the defendant, Norman Orr, whether or not he was ready to plead to said charge without counsel, and the said defendant stated that he was so ready.
“The defendant, Norman Orr, did then enter a plea of guilty to the charge contained in the indictment against him.
“The court did then inquire of the defendant whether or not he had anything to say why sentence should be pronounced against him.
“The defendant, Norman Orr, having nothing further to say, and the court having heard a statement from the prosecuting attorney, and having examined the report of the investigation made by the chief probation officer of this court, the court did then, and does hereby, order, adjudge and decree that said defendant, Norman Orr, be imprisoned and confined in the Ohio State Reformatory at Mansfield, Ohio, for a period of one to five years.
“It is further ordered that the defendant, Norman Orr, shall pay the costs of these proceedings, taxed at $ , and that a warrant to convey said defendant, Norman Orr, to the Ohio State Reformatory at Mansfield, Ohio, be issued to the sheriff of this county, and that due return thereof be made to this court.
J. H. Lamneck
Judge of the Common Pleas Court.
“cc: Defendant; Reformatory; Sheriff.”
It requires only an examination of this document to see that it is the sentence signed by the judge and entered on the court records, the copy of which was certified as being a part of the court records by the clerk of such court. In other words, *347 it is a certified copy of the journal entry of sentence. This was a complete compliance with the provisions of Section 2949.12, Revised Code.
Petitioner urges further that the certified copy of the sentence is defective because it does not, among other things, clearly describe thé offense and designate the sections of the Revised Code under which conviction was had. This journal entry, when read in conjunction with the indictment which was required to be and was furnished to the warden, contains all the information required by Section 2949.12, Revised Code.
However, even if such copy of the sentence would be held to be incomplete, inasmuch as petitioner was properly indicted, pleaded guilty to the charge in a court of competent jurisdiction and was properly sentenced, any error in the mittimus issued by the court would not void the conviction and does not entitle petitioner to his release by habeas corpus. 26 Ohio Jurisprudence (2d), 577, Habeas Corpus, Section 23; and 39 Corpus Juris Secundum, 510, Habeas Corpus, Section 27.
In other words, where an accused is properly indicted, convicted and sentenced by a court of competent jurisdiction, errors in the mittimus delivered to the warden of the penitentiary are not grounds for release of the accused by habeas corpus.

Petitioner remanded to custody.

Taut, C. J., Zimmerman, Matthias, O’Neill, Griuuith, Herbert and Gibson, JJ., concur.